IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRIS PHARMA, INC.,

          Plaintiff,

    v.

GRANULES PHARMACEUTICALS, INC.,          C.A. No. 1:25-cv-00498-UNA

         Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tris Pharma, Inc. ("Tris" or "Plaintiff") brings this action for patent infringement against Granules Pharmaceuticals, Inc. ("Granules" or "Defendant").

## NATURE OF THE ACTION

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular under 35 U.S.C. § 271.  This action relates to Abbreviated New Drug Application ("ANDA") No. 220284, filed by and for the benefit of Granules with the United States Food and Drug Administration ("FDA").  Through ANDA No. 220284, Granules seeks approval to market generic versions of DYANAVEL® XR (amphetamine) 5 mg, 10 mg, 15 mg, and 20 mg extended-release tablets (the "Proposed ANDA Product"), prior to the expiration of U.S. Patent No. 11,590,081 ("the Patent-in-Suit" or the "'081 Patent").

## THE PARTIES

2.     Plaintiff Tris is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 2031 US Highway 130, Monmouth Junction, New Jersey 08852. Tris discovers, develops, manufactures, and sells innovative therapeutic products based on proprietary technologies.

1

3.      On information and belief, Defendant Granules Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 3701 Concorde Parkway, Chantilly, Virginia 20151.

4.      On information and belief, Defendant acted to develop the Proposed ANDA Product that is the subject of ANDA No. 220284 and to seek regulatory approval from the FDA to market and sell the Proposed ANDA Product throughout the United States, including within this District.

5.      Defendant's ANDA No. 220284 seeks approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of Tris's DYANAVEL® XR (amphetamine) extended-release tablets prior to the expiration of the Patent-in-Suit.

6.      On information and belief, Defendant intends to obtain approval for Defendant's ANDA No. 220284, and, in the event the FDA approves that ANDA, to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product.

**JURISDICTION AND VENUE**

7.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of the submission of Defendant's ANDA No. 220284 to the FDA.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 et seq.

9.      This Court has personal jurisdiction over Granules because Granules is a Delaware corporation. Further, this Court has personal jurisdiction over Granules because, *inter alia*, it has maintained continuous and systematic contacts with this District and availed itself of the privilege of doing business in this District.  On information and belief, Granules has acted: (1) to file ANDA

2

No. 220284 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product in the United States, including in this District; (2) regularly and continuously transacted business within this District, including by selling pharmaceutical products in this District either on its own or through its affiliates; and (3) derived substantial revenue from the sale of those products in this District.

10.    On information and belief, if ANDA No. 220284 is approved, the Proposed ANDA Product charged with infringing the Patent-in-Suit will be marketed, distributed, offered for sale, and/or sold in this District, prescribed by physicians practicing in this District, dispensed by pharmacies located within this District, and/or used by patients in this District, all of which would have a substantial effect on this District.

11.    This Court also has personal jurisdiction over Granules because it has affirmatively availed itself of the jurisdiction of this Court through the assertion of counterclaims in suits brought in this District and/or by being sued in this District without challenging personal jurisdiction. *See, e.g.*, *Aytu BioPharma, Inc. et al v. Granules Pharmaceuticals, Inc.*, 24-1356 (D. Del.); *RxOmeg Therapeutics, LLC et al v. Granules Pharmaceuticals, Inc.*, 20-898 (D. Del.); *Merz Pharmaceuticals, LLC et al v. Granules Pharmaceuticals, Inc.*, 20-848 (D. Del.).

12.    For the reasons set forth above, and for additional reasons which will be supplied if Defendant challenges personal jurisdiction in this action, Defendant is subject to personal jurisdiction in this District.

13.    Venue is proper in this District for Granules pursuant to 28 U.S.C. § 1391(c) because, *inter alia*, Granules is subject to personal jurisdiction in this District.

## THE PATENT-IN-SUIT

14.    The Patent-in-Suit is assigned to Tris.

15.    The '081 Patent, entitled "Extended Release Amphetamine Tablets," was duly and legally issued on February 28, 2023.  A copy of the '081 Patent is attached as Exhibit A.

## FACTUAL BACKGROUND

### DYANAVEL® XR (amphetamine)

16.    DYANAVEL® XR (amphetamine) is a drug used to treat Attention-Deficit/Hyperactivity Disorder ("ADHD").  ADHD is a common neurodevelopmental condition, characterized by inattention, hyperactivity and impulsivity.  DYANAVEL® XR can help increase attention and decrease impulsiveness and hyperactivity in people with ADHD.

17.    Tris is the holder of approved New Drug Application ("NDA") No. 210526 for DYANAVEL® XR (amphetamine) extended-release tablets.  Pursuant to NDA No. 210526, Tris markets and distributes DYANAVEL® XR (amphetamine) extended-release tablets in the United States.  DYANAVEL® XR is available in 5 mg, 10 mg, 15, mg, and 20 mg extended-release tablets.

18.    DYANAVEL® XR (amphetamine) extended-release tablets, the active pharmaceutical ingredient amphetamine, the method of manufacture, and/or their use are covered by one or more claims of the Patent-in-Suit. The Patent-in-Suit has been listed for NDA No. 210526 in the FDA publication *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is also known as the "Orange Book."

### Defendant's ANDA No. 220284

19.    In a letter dated March 11, 2025 (the "Notice Letter"), Defendant stated that it had submitted ANDA No. 220284 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product prior to the expiration of the Patent-in-Suit.  The Notice Letter further stated that ANDA No. 220284 contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV Certification") that the Patent-in-Suit is

invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed ANDA Product.

20.    Defendant was aware of the Patent-in-Suit when it submitted ANDA No. 220284 with a Paragraph IV Certification.

21.    On information and belief, the Proposed ANDA Product uses an extended-release formulation that is covered by the claims of the Patent-in-Suit.

22.    On information and belief, ANDA No. 220284 refers to and relies upon the NDA for DYANAVEL® XR (amphetamine) and contains data that, according to Defendant, demonstrate the bioequivalence of the Proposed ANDA Product and 5 mg, 10 mg, 15 mg, and 20 mg DYANAVEL® XR (amphetamine) extended-release tablets.  *See* 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7).

23.    On information and belief, Defendant intends to have healthcare providers use its Proposed ANDA Product, if approved, as set forth in its Proposed ANDA Product label.  On information and belief, Defendant's Proposed ANDA Product label will instruct healthcare providers to prescribe its Proposed ANDA Product in the manner set forth in the label.

24.    On information and belief, the FDA has not yet approved ANDA No. 220284.

25.    Plaintiff commenced this action within 45 days of receipt of the Notice Letter.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,590,081

26.    Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 25 of this Complaint.

27.    Defendant's Notice Letter provides only conclusory arguments of non-infringement with no information to evaluate those arguments.

28.     Defendant's Notice Letter included an Offer of Confidential Access.  On April 15, 2025, Plaintiff proposed revisions to Defendant's Offer of Confidential Access to enable Plaintiff to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the Patent-in-Suit.  Defendant responded on April 21, 2025, but refused to provide access to the full ANDA to assess infringement.  The parties thereafter reached an impasse.

29.     To date, Plaintiff has not received materials from Defendant to enable Plaintiff to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the Patent-in-Suit.

30.     In the absence of the ability to meaningfully evaluate information related to Defendant's ANDA No. 220284, Plaintiff resorts to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief and to present to the Court evidence that Defendant infringes one or more claims of the Patent-in-Suit. *See Hoffman-La Roche Inc. v. Invamed Inc*., 213 F.3d 1359 (Fed. Cir. 2000).

31.     On information and belief, the Proposed ANDA Product infringes one or more claims of the Patent-in-Suit, either literally or under the doctrine of equivalents, by the Proposed ANDA Product's use of an extended-release formulation as covered by one or more of the claims of the Patent-in-Suit.

32.     Defendant's submission of ANDA No. 220284 to the FDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product before the expiration of the Patent-in-Suit constitutes infringement of one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(e)(2).

33.     On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed ANDA Product immediately

upon approval of ANDA No. 220284 and will instruct healthcare providers to use the Proposed

ANDA Product in accordance with the proposed product labeling.

34.     On information and belief, upon FDA approval of ANDA No. 220284, Defendant

will infringe one or more claims of the Patent-in-Suit by making, using, offering to sell, selling,

and/or importing the Proposed ANDA Product in the United States, and by actively inducing

and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

35.     On information and belief, Defendant had knowledge of the Patent-in-Suit when it

submitted ANDA No. 220284 to the FDA, Defendant knew or should have known that it will

induce or contribute to another's direct infringement of the Patent-in-Suit, and Defendant acted

with the specific intent to induce or contribute to another's direct infringement of the Patent-in-

Suit.

36.     Plaintiff will be substantially and irreparably harmed by the infringing activities

described above unless those activities are enjoined by this Court.  Plaintiff has no adequate

remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a)     Judgment that Defendant's submission of ANDA No. 220284 to the FDA was an

act of infringement of one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(e)(2);

b)     Judgment that Defendant's making, using, offering to sell, selling, or importing into

the United States of the Proposed ANDA Product prior to the expiration of the Patent-in-Suit, will

infringe, will actively induce infringement, and/or will contribute to the infringement of one or

more claims of that Patent;

c)      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 220284 shall be a date that is not earlier than the expiration of the Patent-in-Suit plus any other exclusivity to which Plaintiff is or becomes entitled;

d)      An Order permanently enjoining Defendant, Defendant's affiliates and subsidiaries, each of its officers, agents, servants and employees, and any person acting in concert with Defendant, from making, using, offering to sell, selling, or importing into the United States the Proposed ANDA Product until after the expiration of the Patent-in-Suit plus any other exclusivity to which Plaintiff is or becomes entitled;

e)      A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action;

f)      An award of Plaintiff's reasonable costs and expenses in this action; and

g)      Such further and other relief as this Court deems proper and just.


DATED: April 24, 2025                          MCCARTER & ENGLISH, LLP

                                               /s/ Daniel M. Silver
OF COUNSEL:                                    Daniel M. Silver (#4758)
                                               Alexandra M. Joyce (#6423)
Lisa B. Pensabene                              Renaissance Centre
James Y. Li                                    405 N. King Street, 8th Floor
Connie P. Lee                                  Wilmington, Delaware 19801
Jon T. Clark                                   (302) 984-6300
O'MELVENY & MYERS LLP                          dsilver@mccarter.com
1301 Avenue of the Americas, Suite 1700        ajoyce@mccarter.com
New York, NY 10019
(212) 326-2000                                 *Attorneys for Plaintiff*
                                               *Tris Pharma, Inc.*